UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY HUTCHINGS, )<br>)<br>     *Petitioner*   )<br>)<br>    vs.                             )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>     *Respondent*  ) | CAUSE NO. 3:05-CV-201 RM<br>(Arising out of 3:03-CR-80(01)RM) |

OPINION and ORDER

On September 2, 2003, Mr. Hutchings pleaded guilty to an information charging him with conspiracy to alter and remove vehicle identification numbers, selling and disposing of stolen vehicles, and operating a chop-shop in violation of 18 U.S.C. § 371. He was sentenced on March 17, 2004 to a term of 60 months' imprisonment, to be followed by a three-year term of supervised release, and was ordered to pay a special assessment of $100.00 and restitution in the amount of $317,855.80. Mr. Hutchings is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255 based on his claim of ineffective assistance of counsel.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to

> relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

An examination of Mr. Hutchings' plea agreement reveals that he waived his right to appeal his sentence and to contest his sentence in a § 2255 proceeding. Mr. Hutchings' plea agreement, signed by Mr. Hutchings, his attorney James Stevens, and Assistant United States Attorney Barbara Brook, contains the following language in paragraph 9(c):

> (c) . . . I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in . . . this plea agreement. With that understanding, I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code, Section 2255.

Although the paragraph's plain language evidences Mr. Hutchings' agreement to not contest any sentence or the way it was determined, he now asks that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

"Plea agreements are contracts and must be interpreted according to principles of contract law." United States v. Randle, 324 F.3d 550, 557 (7th Cir. 2003). The government is bound by the terms of a plea agreement and must fulfill any promise it makes in exchange for a defendant's plea of guilty. See Santobello v. New York, 404 U.S. 257 (1971); United States v. Schilling, 142 F.3d 388 (7th

Cir. 1998). Prosecutors do not have the discretion to induce guilty pleas through promises that are not kept, Santobello v. New York, 404 U.S. at 262; United States v. Schilling, 142 F.3d at 395, and defendants should be similarly bound. *Cf.* United States v. Bownes, Nos. 03-3016, 03-3949, 04-1304, 04-1560, 2005 WL 949037, at *1 (7th Cir. Apr. 26, 2005) ("In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' abilities to take advantage of what may happen over the period in which the contract is in effect.").

The waiver in a plea agreement of a right to appeal is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily," United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999), and a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Mr. Hutchings maintains he didn't waive his right to file a motion under § 2255 based on a claim of ineffective assistance of counsel.

Mr. Hutchings hasn't claimed that his counsel was ineffective with respect to the negotiation of his plea agreement. Instead, Mr. Hutchings says his waiver

3

wasn't intelligently given because "[a]t sentencing, his attorney did not advise [him] of the impact of his waiver." The record of proceedings shows that Mr. Hutchings already knew about the impact of the waiver when he pleaded guilty:

> THE COURT: Now, as I understand your [plea] agreement, you're aware that people sentenced under the Guidelines have the right to appeal the sentence; but as part of your plea agreement, as long as I don't try to impose a sentence of more than five years, more than Congress said you can get, you're giving up that right to appeal, and you're also giving up the right to file any later petitions for writ of habeas corpus attacking your sentence or any other motion challenging your sentence or the way it was determined. Is that how you understand it?
> MR. HUTCHINGS: Yes, sir.
> THE COURT: And that's an important provision, so I want to ask you specifically about that. As I understand it, that means that if, from here on out, I do anything with respect to the sentencing process that you don't think was right, even if you get a longer sentence as a result of it, you couldn't complain about that to this court or any other court. . . . Is that how you understand it?
> MR. HUTCHINGS: Yes.
> THE COURT: And if [AUSA] Brook or anyone from her office were to do anything with respect to the sentencing process that you didn't think was right, after the sentence was imposed, you couldn't complain about that to this court or any other court. Is that how you understand it?
> MR. HUTCHINGS: Yes.
> THE COURT: And if Mr. Stevens, in representing you, were to do anything that you didn't think was right, even if you got a longer sentence as a result of it, after the sentence was imposed, you couldn't complain about that to this court or any other court. Is that how you understand it?
> MR. HUTCHINGS: Yes.

Plea Tr., at 14-15. At the plea hearing, the court inquired of Mr. Hutchings:

> THE COURT: Has anybody used any force or made any threats against you to get you to enter into this agreement, sir?
> MR. HUTCHINGS: No, sir.

4

Plea Tr., at 20. And Mr. Hutchings was advised at his sentencing hearing as follows:

> THE COURT: Mr. Hutchings, the law requires me to tell you that a person sentenced in federal court has the right to appeal the sentence. He has the right to be represented by an attorney on the appeal. If he cannot afford an attorney to represent him on the appeal, he has the right to have an attorney appointed to represent him without cost to him.
> In order for the person to take an appeal, a notice of appeal has to be filed in his behalf within 10 days of the day judgment is entered. The notice of appeal can be filed by the defendant's attorney, by the defendant himself, or if the defendants asks the judge to order it by the clerk of the court.
> The law requires me to tell you all those things. As a practical matter, I need to remind you that as part of your plea agreement you waived or gave up that right to appeal. Do you understand all that?
> MR. HUTCHINGS: Yes.

Sent. Tr., at 16. Mr. Hutchings' claim that he wasn't advised of the consequences of his waiver is without merit.

Mr. Hutchings claims his attorney was ineffective because counsel didn't make arguments at the March 17, 2004 sentencing hearing based on the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), issued June 24, 2004. Mr. Hutchings claims that because the "Supreme Court granted Certiorari to Blakely on October 20, 2003 . . . nearly 5 months before [he] was sentenced," [Memo., at 4], counsel should have anticipated "meritorious reasons to argue that the court should either delay the plea or allow [him] to protect his direct appeal rights." [Memo., at 4.] Mr. Hutchings claims that had his attorney been aware of what Mr. Hutchings refers to as "the vital application of Blakely," his base offense level wouldn't have been increased by ten levels pursuant to U.S.S.G. § 2B1.1(b)(1)(K), four levels pursuant to U.S.S.G. § 2B1.1(b)(4)(B), and

5

another four levels pursuant to U.S.S.G. § 3B1.1(a), and "[his] claim would now be before the Seventh Circuit Court of Appeals and [he] would be eligible for relief under Blakely." [Memo., at 7.]

Mr. Hutchings' reliance on Blakely is misplaced. The Supreme Court specifically stated in that decision that the "Federal Guidelines are not before us, and we express no opinion on them." 124 S. Ct. at 2538 n.9. The decisions that addressed the federal Sentencing Guidelines were issued months after Mr. Hutchings' sentencing. *See* United States v. Booker, 375 F.3d 508 (7th Cir. 2004) (decided July 9, 2004), and United States v. Booker, 125 S. Ct. 738 (2005) (decided January 12, 2005). Mr. Hutchings' attorney's inability to predict the decision in Blakely v. Washington doesn't establish that counsel's performance was outside the range of professional, competent assistance required under the first prong of Strickland v. Washington, 466 U.S. 668 (1984), nor has Mr. Hutchings alleged or argued that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52 (1985), the second showing required to succeed on an ineffective assistance of counsel claim.

Even though Mr. Hutchings couches his petition in terms of an ineffective assistance of counsel claim, Mr. Hutchings effectively contests his sentence and the manner in which it was determined — an option that he agreed would not be available to him when he entered into his plea agreement with the government. *See* Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000) ("As to

6

Bridgeman's allegations about counsel's performance at sentencing, however, the plea-agreement waiver is effective."). Mr. Hutchings' complaint that his attorney "was ineffective at sentencing" relates only to his attorney's performance with respect to his sentence and has nothing to do with the issue of a deficient negotiation of the waiver in his plea agreement. Mr. Hutchings waived the right to make such a claim in his plea agreement. His petition filed pursuant to 28 U.S.C. § 2255 is SUMMARILY DISMISSED.

    SO ORDERED.

    ENTERED:   May 3, 2005


                                       /s/ Robert L. Miller, Jr.
                                       Chief Judge
                                       United States District Court

cc:    T. Hutchings
       B. Brook